UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED

2010 OCT 12 PM 3: 36

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

DAVID J. KEMP,

  Plaintiff,

vs.

  Case No.:

  3:10-cv-939-J-20JRK

SHERIFF JOHN RUTHERFORD, in his
official capacity as Sheriff of the City of
Jacksonville, Florida; B. K. KREMLER, in his
individual capacity,

  Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

  Plaintiff, David J. Kemp, brings this action seeking monetary damages, attorney's fees, and costs against Defendants and alleges the following:

  1.  This is an action for damages, attorney's fees and costs for the deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, as well as a claim under Florida law.

### JURISDICTION AND VENUE

  2.  Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. §§1983 and 1988 and 28 U.S.C. §§1331 and 1343, as to the federal claims herein. The Court has supplemental jurisdiction as to the state law claim pursuant to 28 U.S.C. §1367.

  3.  Venue in this district is proper pursuant to 28 U.S.C. §1391, in that the cause of action arose in this district.

## PARTIES

4. Plaintiff, David J. Kemp ("Plaintiff"), was, at all times material hereto, an adult resident of Jacksonville, Duval County, Florida, and is a citizen of the United States.

5. Defendant, John Rutherford, in his official capacity as Sheriff of the City of Jacksonville, Florida, was, at all times material hereto, responsible for the supervision, training, instruction, discipline, control and conduct of police officers of the Jacksonville Sheriff's Office and made policy for the Jacksonville Sheriff's Office with respect to searches, seizures, arrests and use of force. At all times material hereto, Defendant Rutherford had the power, right and duty to train and control his officers, agents and employees to conform to the Constitution of the United States and to ensure that all orders, rules, instructions, and regulations promulgated for the Jacksonville Sheriff's Office were consistent with the Constitution of the United States. At all times material hereto, Defendant Rutherford, his agents and employees acted under color of State law.

6. Defendant, B. K. Kremler, was, at all times material hereto, a sworn member of the Jacksonville Sheriff's Office. At all times relevant to this case, Defendant Kremler acted in conformance with the customs, practices, and/or policies of the Jacksonville Sheriff's Office and acted under color of state law.

## FACTUAL ALLEGATIONS

7. On or about May 5, 2010, Defendant Kremler observed Mr. Kemp driving a vehicle southbound on Boulevard near 23rd Street in Jacksonville, Duval County, Florida.

8. As Mr. Kemp turned his vehicle eastbound on to 23rd Street from Boulevard, he allegedly failed to use a turn signal.

9. Thereafter, Defendant Kremler initiated a traffic stop of the vehicle in which Mr. Kemp was traveling at approximately 425 West 25th Street.

10. As Defendant Kremler pulled in behind Mr. Kemp to effectuate the traffic stop, Mr. Kemp allegedly exited the vehicle in which he was traveling and proceeded on foot eastbound on 23rd Street.

11. After Defendant Kremler had pursued Mr. Kemp on foot, Mr. Kemp stopped and Defendant Kremler ordered Mr. Kemp to lay on the ground.

12. Mr. Kemp laid on the ground as instructed.

13. As Mr. Kemp laid on the ground, he rested the left side of his face on the ground.

14. While Mr. Kemp laid on the ground as instructed, Defendant Kremler, without warning, violently struck Mr. Kemp on the right side of his head.

15. As a result of Defendant Kremler's actions, Mr. Kemp suffered a broken cheek bone, a fractured orbital bone, and a fracture of one of his fingers on his left hand, as well as other serious injuries.

16. Defendant Kremler then took Mr. Kemp to the Duval County Pretrial Detention Facility.

17. While at the jail, Mr. Kemp collapsed and was taken to Shands Hospital to be treated for his injuries when he was refused admission to the jail because of his injuries.

18. After Mr. Kemp was refused admission to the jail, Defendant Kremler remarked "you made me run five blocks and now I've got to take you to the hospital."

19. On May 10, 2010, Mr. Kemp underwent surgery relating to the injuries caused by Defendant Kremler.

20. Mr. Kemp continues to suffer from the injuries caused by Defendant Kremler on May 5, 2010.

21. The above-described incident involving Mr. Kemp is representative of the widespread practice and pattern of Jacksonville Sheriff's Office members using excessive force against the citizenry of Jacksonville in recent years.

22. In December 2004 a member of the Jacksonville Sheriff's Office slammed Sammy Lee Evans to the ground. Mr. Evans hit his head on the ground as he was slammed by the officer and this resulted in Mr. Evans' death. Mr. Evans was not resisting the arrest, which was for an open container of alcohol.

23. In May 2005, John Laughon was beaten to death by members of the Jacksonville Sheriff's Office while in custody at the Duval County Jail.

24. In January 2006, in an incident remarkably similar to that involving Mr. Kemp, members of the Jacksonville Sheriff's Office broke the right jaw of Bryan Barnes when effectuating his arrest. The JSO members struck Barnes despite the fact that Barnes complied with all of their commands and did not resist the officers while being arrested. *See Barnes v. Sheriff Rutherford, et. al.*, Case No.: 3:08-cv-217-J-33JRK (M.D. Fla. Jacksonville Division).

25. In January 2006, a member of the Jacksonville Sheriff's Office kneed Ronal Ferrera in the face three times while Ferrera was handcuffed.

26. In October 2007, Colin Runge was beaten by members of Jacksonville Sheriff's Office, as well as a Jacksonville Sheriff's Office civilian observer. Mr. Runge suffered severe head injuries. *See Runge v. Snow*, et. al., Case No.: 3:10-cv-00900-HES-JRK (M.D. Fla. Jacksonville Division)

27. In January 2008, Larue Perkins was slammed to the ground by a member of the Jacksonville Sheriff's Office as Mr. Perkins complied with an officer's commands to leave a particular location. Mr. Perkins' jaw was broken as he was slammed to the ground. *See Perkins v. Tolen, et. al.*, Case No.: 3:10-cv-00851-UAMH-TEM (M.D. Fla. Jacksonville Division).

28. In September 2008, a member of the Jacksonville Sheriff's Office dragged James Lunsford out of a police vehicle while he was handcuffed and dropped Mr. Lunsford on his head, resulting in paralysis to Mr. Lunsford. The officer did so despite Lunsford's prior warning to the officer that Lunsford had 4 screws and a plate in his neck. *See Lunsford v. Rutherford, et. al.*, Case No.: 3:09-cv-01015-MMh-MCR (M.D. Fla. Jacksonville Division).

## COUNT I
## UNREASONABLE SEARCH AND SEIZURE - EXCESSIVE FORCE
### (Defendant Kremler)

29. Paragraphs 1 through 28, above, are realleged and incorporated by reference herein.

30. Defendant Kremler's actions in violently striking Mr. Kemp without warning or legal justification constitute an unreasonable search and seizure of Mr. Kemp under the Fourth Amendment to the United States Constitution.

31. The actions and inactions alleged above were undertaken with Defendant Kremler's willful, wanton, callous and knowing disregard to the clearly established rights of Mr. Kemp under the law to be free from unreasonable searches and seizures.

32. As a direct and proximate result of Defendant Kremler's unreasonable seizure, Mr. Kemp suffered damages, including, but not limited to, severe pain and suffering, physical injuries, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff Kemp demands judgment against Defendant, B. K. Kremler, individually, for:

    (a)    actual and compensatory damages;

    (b)    punitive damages;

    (c)    an award of attorney's fees and costs; and

    (d)    any other relief this Court deems just and proper.

### COUNT II - MUNICIPAL LIABILITY
### (Defendant Sheriff Rutherford)

33.    Paragraphs 1 through 28, above, are adopted and incorporated herein by reference.

34.    Defendant Sheriff John Rutherford, his agents and employees, acting within their authority and under color of State law, instituted and followed practices, customs and policies which directly resulted in the use of excessive force against Mr. Kemp, which was the moving force causing his injuries and is actionable under 42 U.S.C. §1983, as a violation of the Fourth and Fourteenth Amendments to the United States Constitution. Sheriff Rutherford and the Jacksonville Sheriff's Office have a widespread practice of using excessive force, and by failing to discipline his officers for the use of excessive force against Plaintiff Kemp, Defendant Sheriff Rutherford has ratified his officers' decisions and the reasons for those decisions, thus constituting a practice, custom or policy. Alternatively, the officer acting on the scene was the final policymakers for Sheriff Rutherford, as his decisions were not immediately or effectively reviewable.

35.    As a direct and proximate result of the willful and deliberate action or inaction of Sheriff Rutherford, Plaintiff Kemp has suffered damages, including, but not limited to, severe pain

and suffering, physical injuries, monetary loss of earnings, and severe emotional and psychological distress.

36. The actions or inactions alleged above were undertaken or failed to be undertaken because of Sheriff Rutherford's willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff Kemp to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff Kemp demands judgment against Defendant, Sheriff John Rutherford, in his official capacity as Sheriff of the City of Jacksonville, for:

    (a)    actual and compensatory damages;

    (b)    an award of attorney's fees and costs; and

    (c)    any other relief this Court deems just and proper.

## COUNT III
## STATE LAW CLAIM – BATTERY
### (Defendant Rutherford)

37. Paragraphs 1 through 28, above, are realleged and incorporated by reference herein.

38. Mr. Kemp has furnished notice and satisfied all conditions precedent to bringing this action as required pursuant to §768.28, Fla. Stat. (2009) and §§112.201-112.205, Jacksonville Ordinance Code.

39. Defendant Kremler, an employee of the Jacksonville Sheriff's Office, actually and intentionally struck Plaintiff Kemp against his will, without legal justification.

40. Sheriff Rutherford, having given his officers the authority to use force against Plaintiff Kemp, is liable for Defendant Kremler's abuse of such authority.

41. Plaintiff Kemp, as a result of Defendant Kremler's battery and abuse of his authority, suffered severe pain and suffering, physical injuries, monetary loss, pain and suffering, mental anguish and emotional distress.

WHEREFORE, Plaintiff Kemp demands judgment against Defendant Sheriff John Rutherford, in his official capacity as Sheriff of the City of Jacksonville, for:

(a) actual and compensatory damages;

(b) costs; and

(c) any other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff Kemp hereby demands trial by jury on all issues so triable.

DATED this 12th day of October, 2010.

Respectfully submitted,

Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
D. Gray Thomas, Esquire
Florida Bar No.: 956041
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 55712
Sheppard, White, Thomas & Kachergus, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:  (904) 356-9661
Facsimile:  (904) 356-9667
Email:  sheplaw@att.net
COUNSEL FOR PLAINTIFF

jrd[kemp - complaint]